O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| OLGA OVODENKO et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TRITON PACIFIC CAPITAL PARTNERS, LLC et al.,<br><br>　　　　　Defendants. | Case № 2:23-cv-05773-ODW (Ex)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [10]** |

## I.   INTRODUCTION

Plaintiffs Olga Ovodenko and Old City Securities, LLC bring this action against Defendants Triton Pacific Capital Partners, LLC and Joseph Davis arising from a business dispute between the parties.  (Notice of Removal Ex. B ("Compl."), ECF No. 1-2.)  Plaintiffs now move to remand the case to the Superior Court of California, County of Los Angeles, arguing that the Court lacks federal question jurisdiction under 28 U.S.C. § 1331.  (Mot. Remand ("Motion" or "Mot."), ECF No. 10.)  For the following reasons, the Court **GRANTS** Plaintiffs' Motion and **REMANDS** this action to Los Angeles Superior Court.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Olga Ovodenko runs a small business focused on introducing investors to asset managers. (Compl. ¶ 1.) Triton Pacific is a private equity firm with a significant focus on the healthcare industry. (*Id.*) Joseph Davis, Triton Pacific's managing director, hired Ovodenko through her broker, Old City, to assist Triton Pacific by marketing its investment opportunities and raising capital. (*Id.*)

On January 25, 2018, Triton Pacific and Old City entered into a Placement Agreement under which Ovodenko was to provide her services. (*Id.* Ex. A ("Placement Agreement").) According to the Placement Agreement, Ovodenko was the individual "primarily responsible" for the services Old City rendered to Triton Pacific. (Placement Agreement § (a)(ix).) Triton Pacific specifically retained Old City "to introduce investors and joint venture partners to Triton Pacific for the purpose of enabling Triton Pacific to manage the assets of such investors or other joint venture partners." (*Id.* § (a).) In return, Triton Pacific promised to pay a "Solicitation Fee" based on the amount of investments raised by Triton from investors that Ovodenko introduced to Triton Pacific. (*Id.* § (b).) "[F]or the first $200 million of Investments," the Solicitation Fee equals "two percent (2.0%) of the amount of each such Investment or portion thereof." (*Id.*)

In January 2023, Triton Pacific issued a press release announcing a deal involving Integrated Pain Associates ("IPA"). (Compl. ¶ 39.) The deal involved funding from three parties—an individual, an asset management firm, and a private credit fund—each of whom Ovodenko had allegedly introduced to Triton Pacific. (*Id.* ¶¶ 37–42.) Ovodenko alleges that Triton Pacific, in total, "raised over $100 million in capital for the IPA deal on introductions made by Ms. Ovodenko," of which Triton Pacific owes her two percent, or over $2 million, under the Placement Agreement. (*Id.* ¶ 43.) Despite Ovodenko's requests for payment, Davis informed Ovodenko that Triton Pacific would only pay two percent on the equity portion of the investment, rather than the total investment amount that consisted of both debt and equity. (*Id.*

¶ 45.) Davis also informed Ovodenko that Triton Pacific would not pay her the full requested amount because Triton Pacific had a prior relationship with the asset management firm involved in the IPA deal, Start Mountain. (*Id.* ¶ 47.)

On June 5, 2023, Plaintiffs filed this action in Los Angeles Superior Court.[2] (Notice of Removal ("NOR") ¶ 6, ECF No. 1.) In their Complaint, Plaintiffs assert six causes of action: (1) breach of contract, (2) breach of implied-in-fact contract, (3) fraudulent inducement, (4) intentional misrepresentation, (5) negligent misrepresentation, and (6) unjust enrichment. (Compl. ¶¶ 58–101.) On July 13, 2023, Defendants removed this action on the basis that this Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' state law claims necessarily depend on the resolution of a substantial question of federal law. (NOR ¶ 15 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 307, 314 (2005)).) Plaintiffs now move to remand. (Mot.)

### III.   LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from

---

[2] Ovodenko filed her initial complaint against Defendants in Los Angeles Superior Court on April 10, 2023, Case No. 23STCV07759. Defendants removed the action to federal court, Case No. 2:23-cv-03715-ODW (Ex), but, after Defendants failed to timely answer the complaint, Ovodenko dismissed the initial action without prejudice and refiled the case in state court again (this time as Case No. 23STCV12880). In her second complaint, filed on June 5, 2023, Old City joined as a plaintiff in the action. Defendants again removed the case, which is the instant action before the Court here.

Furthermore, on June 7, 2023, Defendants also filed their own action in federal court, Case No. 2:23-cv-04483-ODW (Ex). That declaratory judgment action is currently pending before this Court.

each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The removing party "bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010).

## IV. DISCUSSION

"[I]n certain cases[,] federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable*, 545 U.S. at 312 (citing *Hopkins v. Walker*, 244 U.S. 486, 490–91 (1917)). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). However, a civil action asserting state law claims is not subject to removal based solely on a federal affirmative defense. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983) ("[A] case may not be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").

Here, Plaintiffs assert six causes of action, each originating in state law. (Compl. ¶¶ 58–101.) Defendants argue that Plaintiffs' claims "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, because "the state law claims necessarily depend on the resolution of a substantial question of federal law," namely that Ovodenko was noncompliant with the broker-dealer registration requirements found in the Securities Exchange Act of 1934 at the time

that she performed her obligations under the Placement Agreement. (NOR ¶ 15.) Therefore, the issue before the Court is whether Ovodenko's potential violation of the Securities Exchange Act of 1934 is a substantial issue imbedded within Plaintiffs' state law claims, or rather an affirmative defense raised by Defendants to excuse their noncompliance with the Placement Agreement.

Defendants argue that Plaintiffs cannot recover under the Placement Agreement because Section 15 of the Exchange Act states that "[i]t shall be unlawful for any broker or dealer . . . to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security . . . unless such broker or dealer is registered." (Opp'n 9 (quoting 15 U.S.C. § 78o(a)(1)), ECF No. 12.) Defendants argue they therefore need not comply with the Placement Agreement because Section 29(b) of the Exchange Act renders "[e]very contract made in violation of any provision of this title . . . void." (*Id.* at 10 (quoting 15 U.S.C. § 78cc(b)).) In other words, Defendants argue that, because Ovodenko is not registered as a broker-dealer in accordance with Section 15 of the Exchange Act, the Placement Agreement is void for illegality.

However, California law is clear that illegality is a defense, not an element of a claim. For an action under breach of contract, a plaintiff must prove "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d 822, 830 (1968)). To establish these elements, none require Plaintiffs to affirmatively establish "they were properly licensed and/or registered under the federal securities laws to perform the services alleged in the Complaint and promised in the Placement Agreement." (NOR ¶ 28.) Rather, illegality is an affirmative defense that can be raised by the defendant. *See Kashani v. Tsann Kuen China Enter. Co.*, 118 Cal. App. 4th 531, 537 (2004) (discussing defendant's ability to "prevail on their affirmative defense of illegality"); *Yoo v. Robi*, 126 Cal. App. 4th 1089, 1103

(2005) (referring to the "defense of illegality" as an "affirmative defense"). As discussed above, an affirmative defense is insufficient to trigger federal question jurisdiction.

Defendants argue that "just as a contractor must prove that s/he is licensed to sue a client for construction fees, so to[o] must Plaintiffs prove that they are properly registered with the SEC as a condition to enforcement of their contract." (Opp'n 12.) This analogy, however, is inapposite. Although it is true that a contractor must "plead licensure" as a requirement to recover under contract, *see Advantec Grp., Inc. v. Edwin's Plumbing Co.*, 153 Cal. App. 4th 621, 626 (2007) (citing a California statute that prohibits unlicensed contractors from bringing or maintaining action to recover compensation), the same is not true for the claims that Plaintiffs bring in this action. In other words, *Grable*'s requirement that a federal issue is "necessarily raised" does not apply in this case because Plaintiffs need not prove compliance with the Exchange Act's broker-dealer registration requirements in order to succeed in any of the state claims they bring against Defendants.

The Court finds it has no jurisdiction over this case.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Remand, (ECF No. 10), and **REMANDS** the case to the Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, Case No. 23STCV12280.

**IT IS SO ORDERED.**

January 29, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**